IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ELLIOTT BUCKNER,

    Plaintiff,

v.                                                 No. 16-cv-2037-JTF-dkv

CITY OF MEMPHIS CLAIMS & RISK
MANAGEMENT DEPT. and CITY OF
MEMPHIS,

    Defendants.

---

REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS
and
RECOMMENDATION FOR *SUA SPONTE* DISMISSAL AS TO OTHER DEFENDANTS

---

On January 14, 2016, the plaintiff, Elliott Buckner ("Buckner"), a resident of Ohio, filed a *pro se* complaint, (Compl., ECF No.1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). In an order issued on February 18, 2016, the court granted leave to proceed *in forma pauperis*. (ECF No. 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Now before the Court is the City of Memphis's ("the City") motion to dismiss all claims of Buckner pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. (Mot. to Dismiss, ECF No. 15.) Buckner filed a response on October 7, 2016. (Resp., ECF No. 16.) For the reasons that follow, it is recommended that the City's motion to dismiss be granted and that Buckner's claims against the City of Memphis Claims Department, the City of Memphis Risk Management Department, Shelby County, Premier Nightclub ("Premier"), and the State Treasury Department be dismissed *sua sponte*.

I. PROPOSED FINDINGS OF FACT

On June 6, 2002, while visiting Memphis, Buckner was shot in the head at Premium Night Club by an unknown assailant. (Compl. ¶¶ 2-4, ECF No. 1.) He asserts that he is "ambulatory . . . [but] a recovery is impossible due to current limits of science and medicine." (*Id.* at ¶3.)

Buckner sued the City of Memphis Claims and Risk Management,[1] the City of Memphis, Shelby County, Premier, and the

---

[1]Buckner named the "City of Memphis Claims & Risk Management" as a defendant. (Compl. 1, ECF No. 1.) However, as the City points out, there is no such entity. The City of Memphis Claims Department and the City of Memphis Risk Management Department are separate sub-units of the City of Memphis. (*See* Mem. in Supp. of Mot. to Dismiss 3-4, ECF No. 15-1.) These departments are not separate suable entities, and are thus improper defendants. *See, e.g., Nance v. Wayne Co.*, 1:08-0043, 2009 WL 3245399, at *5 (Oct. 2, 2009)(citation omitted)(holding that police departments are sub-units of the municipalities they serve, and they are thus not separately suable). Therefore, Buckner's claims against the City of

2

State Treasury Department. (*Id.* at ¶¶ 8-12.) In his complaint, Buckner asserts that the City was negligent in allowing Premier Night Club to "operate uninsured and to remain open to the public despite numerous violent incidents and numerous persons being hurt." (*Id.* at ¶ 19.) He seeks costs, fees, and damages in the amount of $10,000,000. (*Id.* at ¶ 5.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Buckner's complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). To survive Rule 12(b)(6) dismissal following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th

---

Memphis Claims Department and the City of Memphis Risk Management Department should be dismissed. *See id.*

Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for

4

her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  <u>Buckner's Negligence Claims against the City</u>

Buckner asserts that the City is liable for his injuries. The Tennessee Governmental Tort Liability Act ("TGTLA") "codifies the doctrine of sovereign immunity with regard to government entities." *Milhous v. Metro. Gov't. of Nashville*, 2000 WL 1231377, at *2 (Tenn. Ct. App. Aug. 31, 2000). It governs suits against municipalities, and accordingly, governs Buckner's action against the City. Tenn. Code Ann. §§ 29-20-102(3)(A). Tenn. Code Ann. § 29-20-201 provides that when immunity is removed from a governmental entity, "any claim for damages must be brought in strict compliance with [the statute]."

1.  *The City of Memphis is Immune from Suit*

Buckner asserts that the City is liable to him because it "allowed [Premier] to operate uninsured and to remain open to the public despite numerous violent incidents." (Compl. ¶ 18, ECF No. 1.) The TGTLA grants municipal entities absolute immunity for any injury "which may result from activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-205. Municipalities cannot be held liable for exercising – or failing to exercise – discretionary functions. Tenn. Code Ann. § 29-20-205(1). These discretionary functions include "the issuance, denial, suspension, or revocation of, or by the failure to issue, deny, suspend, or revoke, any permit, license, certificate, approval, order, or similar authorization" by the municipality. Tenn. Code Ann. § 29-20-205(3). The City therefore cannot be held liable for its decision to allow Premier to remain open, or its failure to close Premier, under the TGTLA. *See* Tenn. Code Ann. §§ 29-20-205 *et seq.*

2. *Buckner's Claim is Barred by the Statute of Limitations*

The TGTLA provides that actions against governmental entities "must be commenced within twelve (12) months after the cause of action arises." Tenn. Code Ann. § 29-20-305(b). Failure to comply with the statute of limitations is grounds for

6

dismissal. *See Gray v. City of East Ridge*, 641 S.W.2d 204, 206 (Tenn. Ct. App. 1982)(holding that the trial court properly dismissed the case where the plaintiff failed to file a lawsuit within one year from the date of the incident). Here, Buckner was injured on June 6, 2002. (Compl. ¶ 2, ECF No. 1.) The statute of limitations began running on the date of Buckner's injury.[2] *See Doe v. Coffee Cnty. Bd. Of Educ.*, 852 S.W.2d 899, 904 (Tenn. Ct. App. 1992)("the statute of limitations begins to run when the injury occurs or when the plaintiff discovers or should have discovered that he or she has a right of action"). More than thirteen years later, on January 14, 2016, Buckner filed the instant suit. (See Compl., ECF No. 1.) Buckner's tort claims against the City are therefore time-barred. *See* Tenn. Code Ann. § 29-20-305(b). It is therefore recommended that Buckner's complaint be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).

C.  Buckner's Amended Complaint

On October 14, 2016, Buckner filed an amended complaint. (Am. Compl., ECF No. 17.) He seeks to include additional facts,

---

[2] Moreover, according to the Exhibits attached to the complaint, Buckner wrote the Tennessee Commissioner of Fraud on December 14, 2015 and attached a proposed complaint against the defendants named herein. (Compl., Ex. 1, ECF No. 1-1.) This indicates that Buckner knew of his claims before filing the complaint.

7

to add new defendants, and to state a claim for violation of his civil rights under 42 U.S.C. §§ 1983, 1988.[3] (*See id.*)

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Buckner did not file his amended complaint within 21 days of the City's motion to dismiss nor did he obtain the written consent of the City or leave of court to file an amended complaint. The City's Rule 12(b) motion to dismiss was filed with the court on September 15, 2016 and mailed to Buckner by first-class mail that day. Twenty-one days expired on October 6, 2016. Because service of the motion was made by mail, an additional three days are added to the 21-day period. Therefore, the amended complaint had to be filed on October 9, 2016 to be timely. It was not received by the Clerk's office until October 14, 2016, and thus, was untimely

---

[3] 42 U.S.C. § 1988 deals with the applicability of statutory and common law to the Act, attorney's fees, and expert fees. *See id.*

8

filed and should be stricken. This Court will not consider Buckner's § 1983 claim because the amended complaint was untimely filed.

Even if the court were to consider Buckner's amended complaint, his claim under 42 U.S.C. § 1983 is also time-barred. Actions under § 1983 are governed by state statutes of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985). *See also Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002)("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year." (citations omitted)). As stated above, actions for personal injuries in Tennessee have a one-year limitation period. Tenn. Code Ann. § 28-3-104(a).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)(citations omitted). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273 (citations omitted). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* In particular, the § 1983 statute of limitation period begins on

9

the date of the constitutional violation. In this case, Buckner's § 1983 claim accrued on June 6, 2002, the day he was shot in the head. Accordingly, any claim by Buckner under § 1983 is time-barred.

D. <u>Buckner's Claims Against Other Defendants</u>

Buckner's claims against Shelby County, Premier, and the State Treasury Department should also be dismissed for the reasons discussed above, namely the fact that Buckner's claim is time-barred. *See* Tenn. Code Ann. § 29-20-305(b).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the City's motion to dismiss be granted in full and that Buckner's claims against the City be dismissed. It is further recommended that Buckner's claims against the City of Memphis Claims Department, the City of Memphis Risk Management Department, Shelby County, Premier, and the State Treasury Department be dismissed *sua sponte* for failure to state a claim upon which relief can be granted and that the pending motions be denied as moot.[4]

Respectfully submitted this 24th day of January, 2017.

---

[4] The pending motions include: *Pro Se* Motion for Procedural Orders, ECF No. 10; *Pro Se* Motion to Compel Discovery Compliance, ECF No. 11; and *Pro Se* Motion to Proceed and Seeking to Have Summons and Complaint Served, ECF No. 12.

s/ Diane K. Vescovo_____
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.