IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| ELLIOTT BUCKNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 2:16-cv-2037-JTF-dkv |
| | ) |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
|     Defendants. | ) |

_____

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION ON THE DEFENDANT'S MOTION TO DISMISS; ORDER
ADOPTING THE RECOMMENDATION FOR *SUA SPONTE* DISMISSAL AS TO
OTHER DEFENDANTS; AND ORDER DISMISSING CASE**
_____

On January 14, 2016, Plaintiff Elliot Buckner, proceeding *pro se*, filed a complaint against the Defendants for negligence and an application to proceed *in forma pauperis.* (ECF Nos. 1, 2 and 6). The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). On September 15, 2016, the City of Memphis filed a Motion to Dismiss. (ECF No. 15). Without leave from Court or written consent from the opposing parties, Buckner filed an amended complaint adding additional parties, state law claims and federal civil rights violations on October 14, 2016. (ECF No. 17). On January 24, 2017, the Magistrate Judge entered a report and recommendation that the Court grant the City of Memphis' motion to dismiss and dismiss *sua sponte* all claims against the other Defendants. The Plaintiff submitted timely objections on February 10, 2017. (ECF Nos. 18 & 19). For the reasons below, the Magistrate Judge's report and recommendation is adopted and the case Dismissed.

## II.  LEGAL STANDARD

A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985).  While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*.  *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).  The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  See 28 U.S.C. § 636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b);  *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003).

A District Court Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014).   "The filing of vague, general or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Jackson v. City of Memphis*, No. 15-2313-SHM-dkv, 2015 WL 7162195, at *1 (W.D. Tenn. Nov. 13, 2015);  *Zimmerman v. Cason*, 354 F. App'x. 228, 230 (6th Cir. 2009)(internal quotations omitted). "A plaintiff's failure to file a specific objection to a magistrate judge's report or one which fails to specifically identify the issues of contention does not satisfy the requirement that an objection was filed at all."  *Harper v. U.S. Dept. of Justice,* No. 2:14-cv-02998-JTF-cgc,  2015 WL 4078425 at *1 (W.D.Tenn. July 6, 2015).  *De novo* review is not required when the objections to the report and recommendation are frivolous, conclusive or general.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## III. FACTUAL HISTORY

The Magistrate Judge submitted proposed findings of fact summarizing the events leading to this action. Although the Plaintiff filed objections to the report and recommendation, he did not contest any of the Magistrate Judge's proposed findings of fact. Accordingly, the Court adopts the Magistrate Judge's proposed findings of fact as the factual findings of this case.

## IV. ANALYSIS

The Magistrate Judge recommends that the Court grant the City's motion to dismiss because 1) under the TGTLA, the City is immune from liability resulting from discretionary functions; 2) Buckner's tort claims are barred by the one year statute of limitations; 3) the amended complaint was untimely filed, preventing consideration of the § 1983 claims; moreover the § 1983 claims are also time-barred; and 4) the claims against the other remaining Defendants, Shelby County, Premier club and the State Treasury Department, should also be dismissed as time barred. (ECF No. 18).

Plaintiff raises the following specific objections to the Magistrate Judge's report and recommendation: 1) that his complaint was timely filed in accordance with the mail box rule; 2) the issue of immunity should have been raised by the Defendants in an answer and not in a motion to dismiss; 3) he is not raising claims against parties who are immune from the action but instead against the "insurers" and "individuals and agencies of employ;" 4) the Court should allow limited discovery before granting a dispositive motion; and 5) dismissal is inappropriate when the procedural errors can be cured. (ECF No. 19). Any remaining objections are indiscernible, conclusive and general propositions which the Court need not address. *Mira,* 806 F.2d at 637.

*Objection that the Action is Time-Barred*

The Magistrate Judge noted that claims brought under the TGTLA are subject to a one year statute of limitations period. *See* Tenn. Code Ann. § 29-20-305(b).[1] Buckner's action against the City for negligence accrued on the date of his injury at Premier Club, or June 6, 2002. Because Plaintiff did not file this action until January 14, 2016, the Magistrate Judge concluded that the tort claims against the City are time barred and should be dismissed. For the same reason, the Magistrate Judge determined that the claims against the other Defendants should also be dismissed. (ECF No. 18, pp. 5-7). The Court agrees.

The Magistrate Judge also determined that because the Amended Complaint was untimely filed, the federal constitutional claims in Plaintiff's Amended Complaint are also time barred. Specifically, the Magistrate Judge concluded that the Amended Complaint should have been filed 24 days after the City filed its Motion to Dismiss, or by October 9, 2016, in order to be considered timely.[2] The Magistrate Judge determined that because Plaintiff's Amended Complaint was received by the Clerk's office on October 14, 2016, it was untimely. (ECF No. 1, ¶2 and ECF No. 18, pp. 7-8, 10). Plaintiff objects to this finding asserting that under the mail box rule, his Amended Complaint was timely filed when it was given to the prison officials. (ECF No. 19, p. 2).

Under the "prison mailbox rule," a *pro se* prisoner's complaint is considered filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The date in which the complaint is signed is the controlling date for the "handing-over rule," not the district court's date stamp. *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir.

---

[1] Tenn. Code Ann. § 29-20-305, effective May 5, 2011, provides:
> (b) The action must be commenced within twelve (12) months after the cause of action arises.

[2] The time was based on adding 21 days to the date the motion to dismiss was filed and mailed to Plaintiff, or September 15, 2016, with an additional three (3) days for mailing under Fed. R. Civ. P. 15 (a)(1)(B).

4

2002)(*per curiam*) and *Goins v. Saunders*, 206 Fed. Appx. 497, 498 n.1 (6th Cir. 2006)(*per curiam*). Plaintiff's Amended Complaint was signed, and considered filed, on September 26, 2016. (ECF No. 17, p. 16). Thus, the Amended Complaint was timely filed. Therefore, Plaintiff's objection in this regard is Granted.

Now that the Court has concluded that Plaintiff's Amended Complaint was timely filed *albeit* without leave, the Court will examine whether Plaintiff's § 1983 claims were timely asserted. Because Congress did not establish a limitations period for civil rights actions under 42 U.S.C. § 1983, courts defer to the analogous state statute of limitations. For civil rights claims in Tennessee, courts apply the one year statute of limitations in Tenn. Code Ann. § 28-3-104(a)(3). Similar to the state tort claims, Plaintiff's § 1983 claims must have been filed within one year from the date that his action accrued. *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1998). Plaintiff's claims accrued, and the one year statute began to run, when he knew or should have reason to know of the injury underlying his claims. In this case, the date in which Plaintiff was injured at the Premier club, or June 6, 2002, was the date his § 1983 action accrued. Even if the Amended Complaint was timely filed after the Defendant's motion to dismiss, the federal civil rights claims are barred as untimely. They too must have been raised by June 6, 2003, in order to be heard by the Court. Therefore, the Court agrees with the Magistrate Judge's determination that Plaintiff's § 1983 claims are time barred.

*Objection to the Immunity Defense*

The Magistrate Judge recommends dismissal of the complaint because the City of Memphis is immune from suit under Tenn. Code Ann. § 29-20-205 *et seq.*, the TGTLA.[3] The Magistrate

---

[3] The Magistrate Judge reasoned that the City of Memphis Claims Department and the City of Memphis Risk Management Department are sub-units of the City of Memphis and excluded these parties as separate and improperly named Defendants. The Court agrees. *Sargent v. City of Toledo Police Dept.*, 150 Fed. Appx, 470, 475 (6th Cir. 2005) and *Nance v. Wayne Co.*, 1:08-cv-0043, 2009 WL 3245399, at *5 (M.D. Tenn. Oct. 2, 2009).

Judge stated that the City's decision to allow Premier nightclub to remain open or alternatively, its failure to close the business, is a discretionary function for which the TGTLA provides absolute immunity. *See* Tenn. Code Ann. § 29-20-205(3). Although unclear, Plaintiff seems to object to the finding that his action is against the City, which enjoys immunity. He suggests instead that the suit is against the City's insurer, its employees and agents for failure to pay his claims for injuries resulting from the City's alleged negligence.[4] (ECF No. 18, p. 6 & ECF No. 19, pp. 4-5). This objection is without merit.

Plaintiff names as Defendants, departments within the city government to which he filed insurance claims. He also attaches to his complaint, a grievance filed with the State of Tennessee, Department of Insurance wherein he alleges that the City failed to provide him insurance information or to process his claims. (ECF No. 1-1, pp. 3-4). As noted by the Magistrate Judge, any action against governmental departments is an action against the City. Again, the City is immune from suits for negligence under the TGLTA. *Dillingham v. Millsaps*, 809 F.Supp.2d 820, 853 (E.D. Tenn. Aug. 10, 2011).

*Objection that Immunity Defense Was Not Properly Pled in the Answer*

Plaintiff contends that the Defendants improperly pled the immunity defense in a motion to dismiss rather than in its answer to his complaint. (ECF No. 19, pp. 2, 4). A motion to dismiss may be premised on an affirmative defense if the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief. *See* Fed. R. Civ. P. 8 (c); *Riverview Health Inst., LLC v. Med. Mut.of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Marsh v. Genentech, Inc.,* 693 F.3d 546, 554-55 (6th Cir. 2012). Where facts establishing the affirmative defense are apparent on the

---

[4] The Plaintiff names the City of Memphis Claims and Risk Management Department and the State Treasury Department as failing to process or pay claims he submitted for his injuries resulting from the shooting at the Premier club.

face of the complaint, a defendant may raise the defense within a motion to dismiss. *Murphy v. Shelby County, Tenn.*, No. 2:13-cv-02355-JPM-tmp, 2013 WL 3972652, at *2 (W.D. Tenn. July 31, 2013). "The defense of limitations is the affirmative defense most likely to be established by the uncontroverted facts in the complaint." 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure*: Civil § 1277 (3d ed. 2014). This objection is overruled.

*Procedural Error Objection*

Similarly, Plaintiff's objection that the case should not be dismissed for procedural errors is without merit. (ECF No. 19, p. 4). Dismissal of this case is based on statutory filing limitations and municipal immunity that shields the City from liability. These substantive reasons are more than mere procedural technicalities and fully justify dismissal. Therefore, this objection is also overruled.

*Objection that Discovery Should be Allowed*

Plaintiff asserts that the Magistrate Judge treated the Defendant's motion to dismiss as a motion for summary judgment. As such, Plaintiff objects to the recommendation that the case be dismissed without allowing the parties time for limited discovery. (ECF No. 19, pp. 3, 5, 7).

The Magistrate Judge ruled that the matter could not proceed for two prevailing reasons, the City has absolute immunity under the TGTLA and Plaintiff's negligence and 42 U.S.C. § 1983 claims are all time-barred. If the allegations in the complaint affirmatively show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Because Plaintiff's negligence and § 1983 claims are time barred, the complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim for which relief may be granted. Therefore, this objection is also overruled.

Any other objections purportedly raised in Plaintiff's objections are waived for lack of specificity.

**CONCLUSION**

Upon a *de novo* review, the Court adopts the Magistrate Judge's report and recommendation to grant the Defendant City of Memphis' motion to dismiss. Also, all claims against the other named Defendants, Premier Nightclub and the State Treasury Department, are dismissed as time barred.[5] All remaining pending motions are denied as moot. Accordingly, this matter is ordered Dismissed with prejudice.

**IT IS SO ORDERED** on this 15th day of February, 2017.

<u>*s/John T. Fowlkes, Jr*</u>.
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Plaintiff failed to effect service of process upon Premier Nightclub and the State Treasury Department. Although Plaintiff issued Notice of the Lawsuit and Requests to Waive Service of a Summons, Form AO 398, to these parties on May 2, 2016, only the City of Memphis executed and returned the notice of the lawsuit and waived service. (ECF Nos. 8 & 8-1).